IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EDWARD SHAWN COBB, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:17-CV-141 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner EDWARD SHAWN COBB. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

Petitioner was charged by grand jury Indictment in Collingsworth County, Texas, with the felony offense of driving while intoxicated, enhanced by two (2) prior convictions for the same offense. *State v. Cobb*, No. 2,835. The Indictment alleged petitioner, on or about the 30th day of October, 2010 "did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use or mental or physical faculties by reason of the introduction of alcohol into the body."

On September 6, 2011, petitioner signed written plea admonishments acknowledging that as a "HABITUAL FELONY OFFENDER (Enhanced Twice)," he was subject to imprisonment for life, or for any term of not more than 99 years or less than 25 years. Petitioner also signed the following statement:

> Comes now the defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I am now mentally competent to stand trial and I was sane at the time of the commission of the offense to which I have plead [sic]. No one has threatened me in any way or placed me under any kind of fear in order to cause me to enter a plea to the charge herein and my plea is freely, knowingly, and voluntarily entered. No one has promised me anything, including probation, a pardon, or early parole in order to cause me to enter a plea to the charge herein.

Petitioner then, pursuant to a plea bargain agreement, entered a plea of guilty to the offense of driving while intoxicated as alleged in the Indictment. In accordance with the terms of the plea bargain agreement, the state trial court dismissed three (3) other pending cases, and assessed petitioner's punishment at 15 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, to run concurrently with an Oklahoma sentence.

Petitioner did not file a direct appeal of his conviction and sentence. Nor has petitioner collaterally attacked his conviction by filing a state application for habeas corpus relief. Instead, petitioner's first challenge to his conviction is the filing of this federal habeas corpus proceeding. On August 2, 2017, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application was received by this Court on August 7, 2017, at which time it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

States for the following reason:

> Petitioner's conviction was the result of an illegal search and seizure because his blood was taken without a warrant in violation of the Fourth Amendment and the Supreme Court decision in *Missouri v. McNeely*, 569 U.S. 141 (2013), a case decided after his conviction.

## III.
## RESPONDENT'S ANSWER

On September 15, 2017, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. Petitioner did not file a reply to respondent's Answer.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on September 6, 2011. Petitioner did not file a direct appeal of his conviction with the appropriate state appellate court.

2. Petitioner's judgment of conviction became final on **October 6, 2011**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review. More specifically, the Supreme Court's April 17, 2013 ruling in *Missouri v. McNeely* did not delay the beginning of the limitation period because *McNeely* was not a new rule of constitutional law

    made retroactive to cases on collateral review.  *Cf. Aguilar v. Davis*, 2017 WL 3493274 at *2-3 (S.D. Tex. August 14, 2017).

5.  Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6.  The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7.  Petitioner's federal habeas corpus petition was thus due on or before **October 6, 2012**, unless statutorily or equitably tolled.

8.  Petitioner has not filed a state habeas application challenging his conviction and sentence.  The 1-year statute of limitations has not been statutorily tolled.

9.  Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10  Petitioner's federal habeas corpus application, filed **August 2, 2017** when it was purportedly placed in the prison mailing system, was filed almost three (3) years after the expiration of the statute of limitations and **is time barred**.

11.  Petitioner has not asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## V.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed September 15, 2017 [Document #13], it is the RECOMMENDATION of the United States Magistrate Judge to

the United States District Judge that the petition for a writ of habeas corpus filed by petitioner EDWARD SHAWN COBB be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 2, 2017.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

COBB-141.DIS-SOL-GRTMTN:2